NOT DESIGNATED FOR PUBLICATION

No. 117,150

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD EUGENE WELLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed December 15, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: Defendant Richard E. Weller appeals the decision of the Ford County District Court to impose a 120-day sanction on him for a second set of probation violations after he had received a three-day sanction on an initial violation. This is an issue entrusted to the district court's discretion in handling probation violations. The ruling was consistent with the facts, conformed to the governing law, and reflected a mainstream judicial determination. There was no abuse of discretion, so we affirm.

As part of an agreement with the State in October 2015, Weller pleaded no contest to one count of aggravated assault with a deadly weapon on a law enforcement officer

1

and one count of fleeing or attempting to elude a law enforcement officer. In exchange, the State dismissed the other charges against him. The district court later sentenced Weller to a prison term of 34 months and placed him on probation for 24 months. Weller had difficulty complying with some of the requirements of probation.

In early January 2016, the district court held a hearing on several alleged probation violations. Weller admitted that he had willfully failed to attend two meetings with his Intensive Supervision Officer. The district court imposed a three-day jail sanction, as provided in K.S.A. 2016 Supp. 22-3716(c)(1)(B). About eight months later, the State again sought to revoke Weller's probation. The district court held a hearing in November 2016 at which Weller effectively admitted that he had again failed to report for meetings with his Intensive Supervision Officer and had failed to show up for required drug tests. The district court found Weller violated the probation conditions and this time ordered him to serve a 120-day prison action, as provided in K.S.A. 2016 Supp. 22-3716(c)(1)(C). The district court also extended Weller's probation. Weller has appealed.

The Appellate Defender Office filed a motion for summary disposition of Weller's appeal under Rule 7.041A (2017 Kan. S. Ct. R. 48). This court granted the motion.

Weller contends the district court abused its discretion by imposing the 120-day prison sanction. He seems to indicate the sanction constituted an abuse because he had spent about 70 days in jail on the probation violation warrant before the November hearing.

If a probation violation has been proved in an evidentiary hearing or by stipulation, we review the district court's disposition of that violation for abuse of judicial discretion. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations,

or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

Here, Weller twice violated the conditions of his probation. On appeal, he doesn't dispute the violations. On a second probation violation, K.S.A. 2016 Supp. 22-3716(c)(1)(C) plainly authorizes the district court to impose a 120-day prison sanction, which the Department of Corrections may reduce by as much as half, if the defendant has already served a three-day jail sanction for a previous violation. Weller met the precedent conditions for a sanction under K.S.A. 2016 Supp. 22-3716(c)(1)(C). So the district court understood the factual circumstances and acted within the proper legal framework. We are then left to ask whether no other district court would have sanctioned Weller in that manner. We readily conclude the district court would not stand alone. Weller was convicted of a serious felony. His successive probation violations were of a kind—he wouldn't report when and where he was supposed to. An escalating punishment for repeat violations is in keeping with the statutory scheme. That Weller spent a measurable period in jail awaiting a hearing on the second set of probation violations doesn't change the outcome, especially given the latitude afforded the Department of Corrections to shorten the term of the actual sanction.

In short, we find the district court's ruling rests well within the range of acceptable judicial discretion.

Affirmed.